# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-155-RLV-DCK

| | |
|---|---|
| SWAN RACING COMPANY, LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| XXXTREME MOTORSPORT, LLC, and JOHNATHAN COHEN, | ) |
| Defendants / Third-Party Plaintiffs, | ) |
| v. | ) |
| BRANDON DAVIS, | ) |
| Third-Party Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the status of the case. The undersigned observes that two motions are pending before the Court: "Plaintiff Swan Racing Company, LLC's And Third-Party Defendant Brandon Davis's Joint Motion To Compel Discovery" (Document No. 38) filed March 18, 2016; and Defendants' counsel's "Renewed And Amended Motion To Withdraw" (Document No. 42) filed April 7, 2016. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

Defendants' counsel seeks withdrawal based on Defendants' failure to "fully compensate" counsel for services rendered or to provide "a retainer to cover the fees and expenses." (Document No. 42, p.1). In addition, Defendants' counsel contends that it has been unable to respond to the pending motion to compel "because Defendants are unwilling or unable to provide . . . the information sought by the discovery." (Document No. 42, p.2).

The undersigned observes that a response to the pending motion to compel was due by April 4, 2016, and that discovery in this matter is due to be completed by April 30, 2016. Defendants' alleged failure to participate in their defense or cooperate with their counsel appears to be causing unnecessary delays in this litigation. The Court advises Defendants that they are required to cooperate in the discovery process.

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). **A party's failure to provide or permit discovery may result in sanctions including the following: reasonable expenses caused by the failure; default**

**judgment against the disobedient party; or treating as contempt of court the failure to obey any order**. See Fed.R.Civ.P. 37(b)(2)(a) and (d); see also, (Document No. 35, p.8).

Based on the foregoing, the undersigned will allow Defendants a brief extension of time to respond to the pending motion to compel. In addition, Defendants shall take appropriate steps to retain existing counsel, or find new counsel. Defendants' failure to abide by this Order will likely result in sanctions.

**IT IS, THEREFORE, ORDERED** that Defendants shall **SHOW CAUSE** on or before the **April 25, 2016**, why counsel's "Renewed And Amended Motion To Withdraw" (Document No. 42) should not be allowed.

**IT IS FURTHER ORDERED** that Defendants shall file a response to "Plaintiff Swan Racing Company, LLC's And Third-Party Defendant Brandon Davis's Joint Motion To Compel Discovery" (Document No. 38) on or before **May 2, 2016**.

The Clerk of Court is directed to send a copy of this Order to Defendants at the address provided in Document No. 42 by certified U.S. mail, return receipt requested.

**SO ORDERED**.

Signed: April 7, 2016

David C. Keesler
United States Magistrate Judge