# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:14-CV-00155-RLV-DCK

| | |
|---|---|
| SWAN RACING COMPANY, LLC, | ) |
| | ) |
| Plaintiff/Counter Defendant, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| XXXTREME MOTORSPORT, LLC AND | ) |
| JOHNATHAN COHEN, | ) |
| | ) |
| Defendants/Counter | ) |
| Claimants/Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BRANDON DAVIS, | ) |
| | ) |
| Third-Party Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the deferred portion of Plaintiff/Counter Defendant Swan Racing Company ("Swan") and Third-Party Defendant Brandon Davis's Motion for Sanctions. (Doc. 52). Through an order dated October 11, 2016, this Court (1) struck Defendant's answer to Swan's complaint; (2) granted a default judgment in favor of Swan on Counts Two, Three, Four, and Nine of Swan's complaint; (3) dismissed XXXtreme Motorsport, LLC ("XXXtreme") and Johnathan Cohen's counterclaim and third-party complaint; and (4) ordered Swan and Davis to submit a memorandum on interest and attorney's fees, as well as an affidavit from an independent attorney attesting to the reasonableness of the requested attorney's

1

fees.[1] (Doc. 76). Swan and Davis timely filed the requested memorandum and affidavit. (Docs. 77-78). XXXtreme and Cohen have not responded to these filings and the time to do so has elapsed. For the reasons stated below, the deferred part of the Motion for Sanctions (Doc. 52) is **GRANTED**.

I.  INTEREST

Counts Two, Three, and Four of Swan's complaint raised breach of contract claims. (*See* Doc. 76 at 3). "In an action for breach of contract, except an action on a penal bond, the amount awarded on the contract bears interest *from the date of the breach*." N.C. Gen. Stat. § 24-5(a) (emphasis added). Absent the breached contract specifying a rate of interest, interest accrues at the legal rate of interest, which is 8% per year. *Id.*, N.C. Gen. Stat. § 24-1.

As to Count Two, Swan subleased commercial space to XXXtreme for $10,400.00 per month plus a proportional share of the utilities, taxes, and insurance on the commercial space. The sublease ran for two months, from April 23, 2014 to June 23, 2014, during which time XXXtreme's share of the utilities, taxes, and insurance equaled $6252.20. With a combined principle judgment against XXXtreme on Count Two in the amount of $27,052.20, interest on Count Two accrues at a rate of $5.9292 a day. In its memorandum on interest and attorney fees, Swan asserts that XXXtreme breached the contract on June 23, 2014.[2] (Doc. 77 at 2). As of, and including, the date of this order, 884 days elapsed from the asserted date of breach. Accordingly, pre-judgment interest on Count Two totals $5241.41.

---

[1] A detailed procedural and factual background of this case can be found in this Court's October 11, 2016 order. (Doc. 76).

[2] The Court questions whether the breach on each rental payment occurred earlier than the date alleged by Swan but will rely on the date of breach asserted by Swan when calculating interest due on Count Two. Furthermore, the Court notes that Swan and Davis incorrectly numbered their claims in the memorandum in support of prejudgment interest and attorney's fees. (*Compare* Doc. 1 at 6-8, *with* Doc. 77 at 2-3).

As to Count Three, Swan sold XXXtreme car equipment worth an estimated value of $51,827.00. At 8% interest a year, interest on Count Three accrues at a rate of $11.3593 per day. Swan asserts that payment for the car equipment was due no later than June 23, 2014. As of, and including, the date of this order, interest has accrued for 884 days. Accordingly, pre-judgment interest on Count Three totals $10,041.62.

As to Count Four, Swan paid two race entry fees of $4730.00 for XXXtreme to race in National Association for Stock Car Auto Racing (NASCAR) races in Richmond, Virginia, and Talladega, Alabama. At a rate of 8% a year, interest on each race fee accumulates at $1.0367 a day. The Richmond race occurred on April 26, 2014. As of, and including, the date of this order, interest on the Richmond race entry fee has accrued for 942 days, amounting to a pre-judgment interest total of $976.57. The Talladega race occurred on May 4, 2014. As of, and including, the date of this order, interest on the Talladega race entry fee has accrued for 934 days, amounting to a pre-judgment interest total of $968.28. Thus, on Count Four, prejudgment interest totals $1944.85.

On Count Nine, Swan prevailed on an Unfair and Deceptive Trade Practice (UDTP) claim against XXXtreme and Cohen based on XXXtreme's breach of a contract for a NASCAR race car. The Court relied on the purchase price of the NASCAR race car to establish an actual damage amount of $200,000.00. Pursuant to N.C. Gen. Stat. § 75-16, the Court trebled the actual damages to $600,000.00. Under North Carolina law, "a pre-judgment interest award should not attach to the trebled damages, but only to the actual damages awarded for the breach of contract that was found to be an unfair trade practice." *Johnson v. Colonial Life & Accident, Ins. Co.*, 618 S.E.2d 867, 872 (N.C. Ct. App. 2005).

As to XXXtreme, a breach of contract served as the underlying basis for Swan's UDTP claim. Accordingly, N.C. Gen. Stat. § 24-5(a) controls and pre-judgment interest is calculated from the date of the breach. *See id.* XXXtreme breached its contract to purchase the NASCAR race car on April 21, 2014. As of, and including, the date of this order, interest has accrued for 947 days. At 8% a year and with actual damages of $200,000.00, interest accrued at a rate of $43.8356 a day. Accordingly, the pre-judgment interest on Count Nine, as to XXXtreme, totals $41,512.31.

As to Cohen, no contract existed between Swan and Cohen. Accordingly, N.C. Gen. Stat. § 24-5(b) governs the availability and calculation of interest. Under N.C. Gen. Stat. § 24-5(b), "any portion of a money judgment designated by the fact finder as compensatory damages bears interest *from the date the action is commenced* until the judgment is satisfied." (emphasis added). Accordingly, rather than calculating the 8% yearly interest from April 21, 2014, the date of the breach, the interest is calculated from September 24, 2014, the date Swan commenced this action against Cohen. As of, and including, the date of this order, interest has accrued for 791 days. Thus, Cohen is jointly and severally liable for pre-judgment interest on Count Nine totaling $34,673.96.

## II. ATTORNEY'S FEES

Under the American Rule, each party typically must bare its own attorney's fees and expenses. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). An exception to the American Rule exists where a statute or rule permits the prevailing party to recover reasonable attorney's fees and expenses. *Id.* Here, Fed. R. Civ. P. 37 and N.C. Gen. Stat. § 75-16.1 permit Swan and Davis to recover reasonable attorney fees and expenses attributable to particular aspects of this litigation. To determine if an attorney fee is reasonable, a Court shall consider:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)); *see also Barbee v. Atl. Marine Sales & Serv., Inc.*, 446 S.E.2d 117, 122 (N.C. Ct. App. 1994) ("Appropriate findings include findings regarding the time and labor expended, the skill required to perform the services rendered, the customary fee for like work, and the experience and ability of the attorney." (internal quotation marks omitted)).

Looking first at recoverable attorney's fees and expenses under Fed. R. Civ. P. 37, this Court granted, in part, Swan and Davis's motion for sanctions against XXXtreme and Cohen because XXXtreme and Cohen failed to comply with this Court's discovery and case management orders, failed to attend their own depositions, and failed to attend mediation. (Doc. 76 at 10-13). Where a party is sanctioned for failing to comply with a court order, in addition to the sanction, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). A court has a similar duty to impose "reasonable expenses, including attorney's fees" on a party who fails to attend his own deposition. Fed. R. Civ. P. 37(d)(3). The Court, has reviewed the affidavit submitted by Swan and Davis's counsel, Kerry L. Traynum, as well as the independent attorney affidavit of A. Todd Capitano attesting to the reasonableness of the requested

attorney's fees and expenses, and finds the following attorney's fees and expenses reasonable under Fed. R. Civ. P. 37:

- $5052.50 in attorney's fees for preparation of a motion to compel, consisting of 14.7 hours of attorney time at $325.00 per hour and 2.2 hours of paralegal time at $125 per hour;
- $2052.50 in attorney's fees in preparation for depositions of Cohen and XXXtreme, consisting of 5 hours of attorney time at $325.00 per hour, 1.5 hours of paralegal time at $125.00 per hour, and 1.5 hours of paralegal time at $160 per hour;
- $462.05 in expenses for a court reporter for depositions of Cohen and XXXtreme;
- $422.50 in attorney's fees for mediation, consisting of 1.3 hours of attorney time at $325.00 per hour; and
- $9040.00 for preparation of the motion for sanctions, consisting of 26.7 hours of attorney time at $325.00 per hour, 0.9 hours of associate attorney time at $225.00 per hour, and 1 hour of paralegal time at $160.00 per hour.

Thus, XXXtreme and Cohen are jointly and severally liable for $17,029.55 in attorney fees and expenses under Fed. R. Civ. P. 37.

Turning next to Swan and Davis's ability to recover reasonable attorney's fees under N.C. Gen. Stat. § 75-16.1, Swan prevailed on its UDTP claim and Swan and Davis prevailed on XXXtreme and Cohen's UDTP claim. Under the statute, the Court, in its discretion, may allow Swan to recover its reasonable attorney's fees in pursuit of its UDTP claim if XXXtreme and Cohen "willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit." N.C. Gen. Stat. § 75-16.1; *see also Barbee*, 446 S.E.2d at 121-22 (noting that whether to award or deny fees "is within the sole discretion of the trial judge" and that trial judge must make specific findings as to each requirement in N.C. Gen. Stat. § 75-16.1 before awarding fees). Attorney's fees are also recoverable under N.C. Gen. Stat. § 75-16.1(2) where a party successfully defends against a UDTP claim and "[t]he party instituting the action knew, or should have known, the action was frivolous and malicious."

The record before the Court allows for the conclusion that XXXtreme and Cohen willfully breached the contract for the sale of the NASCAR race car as evident by the default judgment entered against them and their decision to transfer the points from Swan's race car to their race car after racing Swan's car only once. The record also supports the conclusion that XXXtreme and Cohen refused to resolve the matter. XXXtreme and Cohen's conduct during the course of litigation confirms this conclusion, and also prompts the conclusion that XXXtreme and Cohen knew that their UDTP claim was frivolous and malicious. Accordingly, the Court will exercise its discretion and award Swan attorney's fees on its UDTP claim and award Swan and Davis attorney's fees for defending XXXtreme and Cohen's UDTP claim. The question remains whether the fees requested by Swan and Davis are reasonable.

Swan and Davis seek attorney's fees totaling $70,311.00 for work performed apart from efforts already credited and recoverable under Fed. R. Civ. P. 37. The Court finds both the hourly rate and the number of hours billed to be reasonable given the issues presented in the case and the market rate for legal services. The Court, however, recognizes that Swan's complaint alleged four different breach of contract claims, of which only one breach of contract claim served as the basis for Swan's UDTP claim. Due to the interrelated nature of the four contracts, the Court finds that it was reasonable for Attorney Traynum not to attempt to itemize his work specific to each breach of contract claim when billing for time expended on a given aspect of the litigation. *See Porter v. Hu*, 169 P.3d 994, 1018-22 (Haw. Ct. App. 2007) (collecting cases and noting difficulty in itemizing and separating time by the claim where claims involve related facts). Nonetheless, awarding Swan full attorney fees when only one of its four claims is a claim that served as the basis for the UDTP claim, would allow Swan to recoup attorney's fees for work unique and necessary to the non-UDTP claims. *See Parlier v. Casteen*, 2016 WL 3032692, at *8-9 (W.D.N.C.

May 26, 2016) (denying attorney's fees for UDTP claim where non-UDTP claims also raised in complaint); *see also Deguchi v. Allstate Ins. Co.*, 2008 WL 4344741 (D. Haw. Sept 23, 2008) (report of special master limiting fee recovery where recovery of attorney's fees permitted on only some of the claims). Accordingly, the Court will exercise it discretion, as afforded by N.C. Gen. Stat § 75-16.1, and permit recovery of attorney's fees based on the value of and liability posed by the UDTP claims as compared to the value of and liability entailed as to all claims.[3]

The amount of damages alleged in Swan's complaint totaled $688,519.20. Of that total, $600,000.00, or 87.14%, of the alleged damages were attributable to Swan's UDTP claim. Accordingly, the Court will award Swan 87.14% of its requested attorney's fees of $8180.00 relative to the filing of its complaint. This results in an award of $7128.05. Swan is also entitled to receive 87.14% of its court costs of $430.78 for initiating its action. This results in an award of $375.38. *See* N.C. Gen. Stat. § 75-16.1 (discussing awarding attorney fees "as part of the court costs").

Thereafter, XXXtreme and Cohen filed a counterclaim and third-party complaint, which raised one UDTP claim and two non-UDTP claims. (Doc. 14 at 19-21). XXXtreme and Cohen's UDTP claim, however, was inclusive of the two non-UDTP claims such that recovery on the UDTP claim would have precluded recovery on the non-UDTP claims. *Id.* at 21. XXXtreme and Cohen's UDTP claim did not allege a specific amount of damages. *See id.* From the pleadings, however, the Court surmises that Swan and Davis faced a potential total liability of approximately $215,000.00 from XXXtreme and Cohen's UDTP claim. Thus, from the time XXXtreme and Cohen filed their counterclaim, through the partial granting of Swan and Davis' motion for

---

[3] The Court considered apportioning the requested attorney's fees based on the number of UDTP claims relative to the number of total claims—two to five—but concluded that a monetary-based approach was more reasonable given that potential monetary gains and liabilities drive litigation costs far more than the sheer number of claims in a matter.

sanctions, $815,000.00 of the $903,519.20 at stake in this matter, or 90.20% of the potential aggregate damages, was attributable to the parties' UDTP claims. Therefore, the Court will award Swan and Davis 90.20% of the attorney's fees they incurred after XXXtreme and Cohen filed their counterclaim and third-party complaint. As Swan and Davis incurred $62,131.00 in post-counterclaim/third-party complaint, non-Fed. R. Civ. P. 37 attorney's fees, Swan and Davis are entitled to recover $56,042.16 under N.C. Gen. Stat. § 75-16.1 for their post-counterclaim/third-party complaint attorney's fees.

## III. DECRETAL

**IT IS, THEREFORE, ORDERED** that the deferred portion of Swan and Davis's Motion for Sanctions (Doc. 52) is **GRANTED**. The Court's final judgment is calculated as follows:

(1) Principal judgment in favor of Swan for $688,519.20, for which XXXtreme and Cohen are jointly and severally liable;

(2) Prejudgment interest for Swan in the amount of $58,740.19 against XXXtreme, of which Cohen is jointly and severally liable for $34,673.96;

(3) Attorney's fees and expenses for Swan and Davis jointly, under Fed. R. Civ. P. 37, in the amount of $17,029.55, for which XXXtreme and Cohen are jointly and severally liable;

(4) Pre-counterclaim attorney's fees and costs for Swan, under N.C. Gen. Stat. § 75-16.1, in the amount of $7,503.43, for which XXXtreme and Cohen are jointly and severally liable; and

(5) Post-counterclaim and third-party complaint attorney's fees for Swan and Davis jointly, under N.C. Gen. Stat. § 75-16.1, in the amount of $56,042.16, for which XXXtreme and Cohen are jointly and severally liable.

Signed: November 23, 2016

Richard L. Voorhees
United States District Judge